IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORINNE BUTLER and ANDREA FITZSIMMONS, *on behalf of themselves individually, and on behalf of all others similarly situated* | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16-CV-5907 |
| v. | ) ) | Judge Manish S. Shah |
| HOLY CROSS HOSPITAL, SINAI HEALTH SYSTEM, WAYNE LERNER, DIANE HOWARD, JOHN R. BALL, M.D, BARBARA FAHEY, SATYA AHUJA, M.D., CHIA HUANG, M.D., LARRY MARGOLIS, SIVARAMAPRASAD TUMMALA, M.D., HOWARD BERMAN, GARY J. NIEDERPRUEM, SHARON ROSSMARK, YOGI AHULUWALIA, M.D., JOHN BENEVIDES, CHARLES BROWN, DANIEL CANTRELL, ALAN H. CHANNING, JOHN DANAHER, M.D., LESLIE DAVIS, MARK J. FRISCH, AIDA GIACHELLO, NEAL GOLDSTEIN, ALBERT GRACE, JONATHAN JONAS, GARY KELLER, KENNETH A. LUCCIONI, ROBERT MARKIN, GLORIA MATERRE, BRET MAXWELL, WAYNE PIERCE, MAURICE SCHWARTZ, ROBERT SHAKNO, BEN SOLDINGER, ALAN SOLOW, ROBERT STEELE, STEVE TOPEL, TERRY WHEAT, and JOHN and JANE DOES, each an individual, 1-40, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Defendants.

**ORDER AND FINAL JUDGMENT**

This litigation involves the claims for alleged violations of the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), set forth in Plaintiffs' Class Action Complaint dated June 6, 2016, with respect to the Pension Plan for Employees of Holy Cross Hospital (the "Plan").[1] The Parties entered into a Class Action Settlement Agreement dated March 1, 2017, which was filed on March 1, 2017 ("Settlement" or "Settlement Agreement").

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated March 9, 2017, preliminarily certifying the putative class in this Action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for June 29, 2017, at 10:00 a.m. CDT, and providing the members of the Settlement Class with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on June 29, 2017, at 10:00 a.m. CDT, to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

2. The Class this Court previously certified preliminarily in its Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). The Class consists of:

> All Plan participants or Plan beneficiaries who received a distribution from the Plan on December 31, 2015, in connection with the Plan's intended termination and (i) who were

---

[1] This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

2

not later identified as having died prior to September 1, 2015; or (ii) who were not included in the Plan's distribution on December 31, 2015, in connection with the Plan's intended termination, but who were identified after December 31, 2015, as being eligible for a benefit prior to the Settlement's effective date. Excluded from the class are the Individual Defendants named in the Complaint.

3. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Plaintiffs Corinne Butler and Andrea Fitzsimmons are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Corinne Butler and Andrea Fitzsimmons as Settlement Class representatives.

6. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll PLLC, Keller Rohrback L.L.P., and DeBofsky, Sherman & Casciari, P.C. as Class Counsel to represent the members of the Settlement Class.

7. The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

8.      The Court directed that Class Notice be given pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) On or about April 17, 2017, Class Counsel posted the Settlement Agreement and long-format Class Notice to the Settlement websites: www.cohenmilstein.com/HCH-settlement and www.kellersettlements.com; and (2) on or about April 27, 2017, the Settlement Administrator, October Three Consulting, LLC, agreed to undertake the task of mailing approximately 1,934 copies of the Summary Notice of Class Action Settlement to members of the Settlement Class based on the current participant records of the Plan.

9.      The Notice Program – consisting of the Summary Notice, Class Notice and Internet/Publication of Class Notice – advised members of the Settlement Class of: the terms of the Settlement; the Fairness Hearing and the right to appear at such Fairness Hearing; the inability to opt out of the Settlement Class; the right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in § 4.1 of the Settlement Agreement.

10.     The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that the Notice Program approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through

counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 4.1 of the Settlement Agreement.

11. The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a) The Settlement provides for significant monetary contributions to the Plan and secures a final benefit payment from the Plan to the Settlement Class.

b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert A. Meyer, Esq. The Settlement is not the result of collusion.

c) The negotiations were supported by a robust investigation before commencement of the Action; the production and review of confidential documents protected by Fed. R. Evid. 408 during mediation discovery; the detailed review of Defendants HCH and SHS's financial condition; and the review of decisions on the statutory issues in this case from three Circuit Courts of Appeals and in briefing to the U.S. Supreme Court. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

d) The confidential documents and financial analyses, produced pursuant to and protected by Fed. R. Evid. 408, gave counsel the opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel was cognizant

5

that there was no guarantee of success in this case.

   e)  Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this Action. Accordingly, the Settlement shall be and it hereby is approved.

  12. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 4.1 of the Settlement.

  13. This Settlement, this Judgment, and/or the fact of Settlement do not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

  14. "Releasees" shall mean all Individual Defendants, HCH, SHS, all Affiliates of SHS (defined as any entity controlling, controlled by, or under common control of or with SHS), all entities that are considered to be a single employer under IRC § 414, Sisters of St. Casimir as a religious institute recognized by the Roman Catholic Church as well as (or acting through) The Sisters of Saint Casimir of Chicago, an Illinois not-for profit corporation (collectively, the "Order") as well as each individual Sister of the Order, and all former and current directors, officers, Pension Plan Committee members (including members of any similar committee with a different name but with fiduciary and/or administrative responsibility for the Plan), employees,

agents, counsel, other Plan fiduciaries, and insurers of any of the previous entities (for clarity, HCH, SHS, all Affiliates of SHS, all entities that are considered to be a single employer under IRC § 414, and the Order).

15. "Released Claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint, or otherwise, in connection with the sponsorship, funding, maintenance, operation or termination of, or distributions from, the Plan, including any promissory estoppel claims related to the necessary delay in payment of the June 1, 2016 communicated final distribution from the Trust following the filing of the Litigation and any corresponding reduction in such communicated final distributions resulting from the necessity of keeping the Trust operational, that were brought or could have been brought under federal law or state law as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the "church plan" status of the Plan.

16. Released Claims shall not include: (i) the release of any obligation under the Settlement Agreement or (ii) any claim that a class member's final distribution benefit described in the Settlement Agreement is inconsistent with the same actuarial assumptions and methodologies used for the Plan distributions that occurred in December 2015.

17. It is further ordered that as of the Effective Date of the Settlement Agreement, Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class have. The Settlement Class covenants and agrees: (i) not to file against any Released Party any claim based on, related to, and/or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Released Party.

18. It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs,

the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

19. It is further ordered that as of the Effective Date of the Settlement Agreement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaint or any pleading which would have been required to be filed in the Action or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaint or any such other pleading in the Action been fully litigated and resulted in a Final judgment or order.

20. It is further ordered that the mortgage on HCH property shall be released and cancelled upon final approval of the Settlement and the subsequent payment of the Settlement consideration to the Plan, to Plaintiffs' Counsel, and to the Named Plaintiffs, respectively. The mortgage also will be released and cancelled should the Settlement fail, after a full and completed disposition of any Review Proceeding described in the Settlement Agreement.

21. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $600,000, which the Court finds to be fair and reasonable, and $27,785.81 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the $4,000,000.00 fund pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

22. Named Plaintiffs Corinne Butler and Andrea Fitzsimmons are hereby awarded Incentive Payment Awards in the amount of $10,000 each, which the Court finds to be fair and reasonable. The Incentive Payment Awards shall be paid from the $4,000,000.00 fund pursuant to the terms of the Settlement Agreement.

23. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

24. The Court hereby dismisses with prejudice the Action and all Released Claims identified in § 4.1 of the Settlement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 21 hereof.

25. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 29th day of June, 2017.

_____
Judge Manish S. Shah
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS